THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| VICKI NIELSEN,<br>       Plaintiff,<br>  vs.<br><br>AEGIS WHOLESALE CORPORATION,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS,<br>       Defendants. | Case No.2:10CV606 DS<br><br>MEMORANDUM DECISION |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

This matter is before the court on motion of defendant Mortgage Electronic Registration Systems ("MERS") to dismiss plaintiff's amended complaint pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that plaintiff's claims are meritless and are largely based on the "split the note," "MERS lacks authority," and "securitization discharged my note" theories that have already been dismissed by the United States District Court for the District of Utah multiple times. Defendant argues that plaintiff's other claims for quiet title and fraud lack any legal or factual basis and are implausible and speculative.

## INTRODUCTION

Plaintiff Vicki Nielsen filed her First Amended Complaint on September 30, 2010 seeking a determination of whether the defendants Aegis Wholesale Corporation ("Aegis") and Mortgage Electronic Registration Systems ("MERS"), have the legal right to

foreclose on property she owns in Springville, Utah (the "Property").[1] The following facts are established by the complaint or by documents attached to the complaint or referenced therein.

On February 13, 2007, Plaintiff Vicki Nielsen signed a note in favor of Aegis in the principal amount of $290,000.00 (the "First Note")to refinance the Property.  On the same date, she signed a Deed of Trust securing the Note (the "First Trust Deed")which identified Aegis as the lender and MERS as the beneficiary under the Security Instrument as nominee for lender and lender's successors and assigns.  On this same date, Nielsen signed a Home Equity Line of Credit Agreement with a maximum principal amount of $47,500.00 (the "HELOC Agreement").  Finally, on this same date, Nielsen signed a Second Deed of Trust securing the HELOC Agreement (the "Second Trust Deed") which identified Bartlett Title as trustee for the benefit of MERS as nominee for Aegis.  Plaintiff is currently in default on both the First Note, and the HELOC Agreement.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." In reviewing the complaint, the court accepts as true all well pleaded allegations of the complaint

---

[1]Defendant Aegis filed a notice of bankruptcy stay on November 1, 2010 and is therefore not a participant in these proceedings.

and views them in the light most favorable to the non-moving party. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). Legal conclusions, deductions, and opinions couched as facts are, however, not given such a presumption. *Mitchell v. King*, 537 F.2d 385 (10th Cir. 1976); Swanson v. Bixler, 750 F.2d 810 (10th Cir. 1984). The complaint must plead sufficient facts, that when taken as true, provide "plausible grounds" that "discovery will reveal evidence" to support plaintiff's allegations. *Bell Atlantic Corp. V. Twombly*, 127 S. Ct. 1955, 1965 (2007). The burden is on the plaintiff to frame a "complaint with enough factual matter (taken as true) to suggest" that he or she is entitled to relief. *Id.* "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. Furthermore, the allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief. *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008). See also, *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (U.S. 2009)("a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.")

The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." As the Court held in *Twombly,* where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to

3

relief.'" *Twombly* 550 U.S. 544, at 555, 127 S.Ct. 1955, 167 L.Ed.2d 929.

According to the Court in *Ashcroft*, two important principles underlie this reasoning. First, although a court must accept as true all well-plead factual allegations in a complaint, this does not apply to "legal conclusion couched as a factual allegation." *Ashcroft,* at 1950. Vicki Nielsen's complaint is rife with erroneous legal conclusions couched as factual allegations. Second, a complaint survives a motion to dismiss only if it states a plausible claim for relief. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'"*Id.,* at 1950 (citing Fed. Rule Civ Proc. 8(a)(2)).

## DISCUSSION

Without elaboration, the court adopts defendant's argument that plaintiff has latched onto a failed theory–that a note and trust deed can be "split" and rendered null and void. As they noted in their memorandum in support, "[t]his Court has already rejected the "split the note" theory, including in the "securitization" context. *See Marty v. Mortgage Electronic Registration Systems, Inc.,* Case No. 1:10-cv-33 (Oct. 19, 2010); *King v. American Mortgage Network,* Case No. 1:09-cv-162 (Sept. 1, 2010); *Rodeback v. Utah Financial,* Case No. 1:09-cv-134 (July 13, 2010)." Defendants' Memorandum in

4

Support at 4. And defendants go on to correctly cite Utah Code Ann. § 57-1-35 which states, "The transfer of any debt secured by a trust deed shall operate as a transfer of the security therefor." Plaintiff also cites this statute but then misconstrues its application to the facts of her case. Plaintiff's Memorandum in Opp. at 4-5. By law, each successor to the Note also receives the benefit of the security, and by contract, MERS is appointed as the nominee beneficiary under the First Deed of Trust. Contrary to plaintiff's argument, MERS has established its rights with respect to foreclosure on the security and MERS has at all relevant times been entitled to act as beneficiary under the First Deed of Trust. Plaintiff Nielsen has not cited any case law to the contrary nor any statute that says the exception she argues exists.

Furthermore, the court confirms the already-established holding that identification of the note holder is not necessary in non-judicial foreclosures in Utah. Possession of the note is not necessary for MERS to carry out its duty as the beneficiary and there is no duty to produce the actual note or name the holder in order to authorize the trustee to foreclose on the Property. The identity of the beneficiary has no affect on whether the borrower has made its required monthly payments, which is default under the plain terms of the note. Ms. Nielsen does not contend that she has made the payments, and default on the First Note is admitted. Nor does the identity of the beneficiary have any affect on the notice

and sale requirements for a non-judicial foreclosure. The execution of the trust deed transfers all of the trustor's interest in the property "to the *trustee* as security for the obligation or obligations for which the trust property is conveyed. . ." Utah Code Annotated § 57-1-20 (emphasis added). Regardless of who holds the note, in a non-judicial foreclosure the trustee is acting as that party's fiduciary and the borrower, in this case Ms. Nielsen, is obligated to deal with the trustee. Plaintiff's claim that her case is different because the First Note was securitized and thus MERS cannot possibly identify the note holder is contrary to established law and without merit.

Finally, the court finds plaintiff's declaratory action and quiet title claims fail as a matter of law. Because plaintiff's preceding claims involving MERS' authority to act as beneficiary as well as her argument that MERS must identify the note holder to initiate a non-judicial foreclosure both fail as a matter of law, plaintiff has no basis for her declaratory action claim and it is dismissed. In addition, plaintiff's quiet title claim, seeking to extinguish competing interests in the Property in favor of the interest of plaintiff, fails. This court has repeatedly and firmly rejected plaintiff's legal arguments regarding her quiet title claim, and plaintiff has made no allegation that the First Trust Deed has been reconveyed or satisfied. Hence, since the facts have established that she executed the First Trust Deed, that it was

notarized and recorded, and that it has not been reconveyed or satisfied, there is no basis for Nielsen to claim that the First Trust Deed is not a valid encumbrance against her title and she therefore cannot make out a claim for quiet title. *See Commonwealth Property Advocates v. Citimortgage, Inc.,* 2011 WL 98491, *4 (D.Utah, 2011).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that defendant MERS's Motion to Dismiss (Doc. #10) is GRANTED. All claims against MERS are dismissed with prejudice. Plaintiff's claims against defendant Aegis are stayed because of Aegis' bankruptcy filing (Doc. #6). Accordingly, the clerk is directed to close the case.


SO ORDERED.



DATED this 22nd day of March, 2011.

                                                  BY THE COURT:

                                                  _/s/ David Sam_
                                                  DAVID SAM
                                                  SENIOR JUDGE
                                                  UNITED STATES DISTRICT COURT